

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# Gweh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5424

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gweh v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1594.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1594

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5424
_____

NEMEMTORBOR GWEH,

Petitioner

v.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS;
ATTORNEY GENERAL OF THE UNITED STATES;
ROBERT DEVINE, DIRECTOR OF U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,

Respondents
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A28 207 629)
Immigration Judge:  Walter A. Durling

_____

Submitted Under Third Circuit LAR 34.1(a)
February 13, 2007

Before:  SMITH and FISHER, *Circuit Judges*, and DIAMOND,* *District Judge*.

(Filed: February 20, 2007)

OPINION OF THE COURT

_____

*The Honorable Gustave Diamond, United States District Judge for the Western District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Nementorbor[1] Gweh petitions for review of a final order of the Board of Immigration Appeals ("BIA"), affirming the denial by the Immigration Judge ("IJ") of Gweh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny Gweh's petition for review.

I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis.

Gweh is a native and citizen of Liberia, and was admitted to the United States in September 1993 as a refugee. Gweh applied to adjust his status to legal permanent resident as required under § 209 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1159. His application was granted in February 1995. In June 2003, Gweh was convicted of robbery, criminal conspiracy, and possessing instruments of a crime under 18 Pa. Cons. Stat. §§ 3701(a)(1)(I), 903, 907, and he was sentenced to three and a half to seven years in prison. Gweh concedes that the robbery conviction constituted an aggravated felony.

---

[1]There are two different spellings of Gweh's first name in the record. It appears that this is the correct spelling, as it is the spelling used on his application for refugee status.

In December 2003, Gweh was served a Notice to Appear, which charged him with removability under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. He was placed in removal proceedings, and admitted to removability as charged. Gweh sought to file a waiver under § 209(c) of the INA as a refugee in removal proceedings, and sought asylum, withholding of removal and protection under the CAT. The IJ refused to accept Gweh's application as a refugee, and a removal hearing was held on June 28, 2005.[2] The IJ found that Gweh's aggravated felony conviction was a particularly serious crime, and pretermitted Gweh's asylum and withholding of removal applications. Additionally, the IJ determined that Gweh did not qualify for protection under the CAT because he failed to meet his burden of proof. He determined that although there was historical evidence of torture, there was no current evidence. The State Department Country Report for 2004 indicated that, although there were reports of torture when Charles Taylor was in power, there have been no such reports since the National Transitional Government of Liberia ("NTGL") has taken power. The IJ ordered Gweh removed to Liberia.

Gweh appealed the IJ's decision to the BIA. The BIA dismissed the appeal. It held that when a refugee gains lawful permanent resident status, he or she may be placed in removal proceedings based on conduct which constitutes grounds for removal under

_____

[2]The hearing was conducted via teleconference from the State Correctional Institute Chester, where Gweh was held. Gweh raised a due process claim before the BIA because there was a bad connection. However, he has not raised this issue in his petition to this Court.

§ 237(a) of the INA. The BIA also affirmed the IJ's determinations that Gweh was convicted of a particularly serious crime and was therefore barred from receiving withholding of removal, and that Gweh failed to meet his burden for protection under the CAT. Gweh filed a petition for review of the BIA's decision.

## II.

We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a). *See Romanishyn v. Attorney General*, 455 F.3d 175, 180 (3d Cir. 2006).[3] Because the BIA adopted the findings of the IJ and discussed some of the bases for the IJ's decision, we review the decisions of the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Our review of the decisions is for substantial evidence, considering whether the decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Balasubramanrim v. INS*, 143 F.3d 157, 167 (3d Cir. 1998). Factual findings by the BIA or the IJ will be overturned only if a reasonable fact-finder would be compelled to conclude otherwise. *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001).

Gweh's first claim is that because his refugee status was not terminated, even though he became a legal permanent resident, he may not be placed in removal

---

[3]We have jurisdiction to review whether the law was properly applied in a particularly serious crime determination. *Alaka v. Attorney General*, 456 F.3d 88, 103-04 (3d Cir. 2006). Additionally, we have jurisdiction to review the CAT claim regarding issues of application of law to fact. *Singh v. Gonzales*, 432 F.3d 533, 537-38 (3d Cir. 2006).

proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii). We addressed this question in *Romanishyn v. Attorney General*. 455 F.3d at 185. In *Romanishyn*, we held that an alien who enters the United States as a refugee, adjusts his status to become a legal permanent resident, and then commits an aggravated felony may be placed into removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii), even though his refugee status was never formally terminated. *Id.* Gweh's case is indistinguishable from *Romanishyn*, and therefore we will deny this part of the petition for review.

Gweh next argues that the IJ's determination, affirmed by the BIA, that his conviction for robbery was a particularly serious crime, which bars him from seeking withholding of removal, was improper.[4] A particularly serious crime, in the withholding of removal context, is an aggravated felony for which the alien was sentenced to five years imprisonment or an aggravated felony that the Attorney General deems a particularly serious crime. 8 U.S.C. § 1231(b)(3)(B); *Alaka v. Attorney General*, 456 F.3d 88, 105 (3d Cir. 2006). Because Gweh's sentence was for three and a half to seven years, the IJ considered whether the aggravated felony (robbery) should be deemed a particularly serious crime. Gweh claims that the IJ did not consider important factors in making its determination. We have approved of the BIA's requirement that an

---

[4]Gweh is also barred from asylum because the robbery was a particularly serious crime as defined in 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(I). Gweh does not dispute that his conviction is within the definition of particularly serious crime for asylum purposes, as all that is required is conviction of an aggravated felony regardless of the sentence imposed. *Id.*

5

individualized assessment of the facts and circumstances must be made for a particularly serious crime determination. *Chong v. INS*, 264 F.3d 378, 388 (3d Cir. 2001). The BIA explained that "conviction records and sentencing information" are to be considered. *Id.* (citation and internal quotation marks omitted). Two other factors are the circumstances surrounding the conviction and whether the crime and circumstances suggest that the alien would be a danger to the community. *Yousefi v. INS*, 260 F.3d 318, 329-30 (4th Cir. 2001).

Here, the IJ considered the underlying facts of the crime. First, the IJ noted that Gweh was convicted of robbery.[5] As the IJ explained, he held a person up with a gun, although Gweh claimed it was a toy gun. The IJ considered the intent to frighten the victim, and the use of violence. This review of relevant factors is all that is required. *Chong*, 264 F.3d at 388. Therefore, Gweh was not eligible for withholding of removal under 8 U.S.C. § 1231 because he committed a particularly serious crime.

Gweh's final claim is that the IJ's determination that Gweh did not prove that he was entitled to protection under the CAT was not supported by the record. In a CAT claim, the burden is on the alien to prove that it is "more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2); *Gabuniya v. Attorney General*, 463 F.3d 316, 320-21 (3d Cir. 2006). Gweh relies on historical evidence of torture, which may be considered. However, the record clearly demonstrates that there have been no

---

[5]Although the IJ did not specifically state Gweh's sentence in the decision, the term of the sentence was included in the record.

6

reports of torture since the NTGL took power. The reports of torture ceased when the regime of Charles Taylor was overthrown. Gweh has not rebutted this evidence nor provided additional evidence to meet his burden. Therefore, there is substantial evidence to support the IJ's and BIA's decisions.

III.

Therefore, we will deny Gweh's petition for review.